UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John Doe 1-10 and All Occupants,
AKA "12 and 16 Front Street Trust
Association" by Selena S. Randolph,
    Plaintiffs

v.                              Case No. 20-cv-335-SM
                                    Opinion No. 2020 DNH 091

U.S. Bank N.A. and
Wilmington Savings Fund Society, FSB,
    Defendants


**O R D E R**


Selena Randolph, purportedly on behalf of the "12 and 16 Front Street Trust Association, the unincorporated personification of ALL OCCUPANTS at the premises," brings this action styled as a "Complaint to Quiet Title."  One of the two named defendants - Wilmington Savings Fund Society, FSB ("Wilmington") - moves to dismiss, asserting that Randolph lacks standing, her complaint fails to state a viable cause of action, and her claims are barred by the Rooker-Feldman doctrine as, well as principles of estoppel and res judicata.

For the reasons discussed, that motion to dismiss is granted.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P.
12(b)(6), the court must "accept as true all well-pleaded facts
set out in the complaint and indulge all reasonable inferences
in favor of the pleader."  SEC v. Tambone, 597 F.3d 436, 441
(1st Cir. 2010).  Although the complaint need only contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege
each of the essential elements of a viable cause of action and
"contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face," Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (citation and internal
punctuation omitted).  Randolph's complaint fails to do so.

## Background

In April of 2007, Randolph executed a promissory note in
the amount of $314,400.  She secured her obligations under that
note by conveying a mortgage deed to property located at 16
Front Street, Rochester, New Hampshire, to Mortgage Electronic
System, Inc., as nominee for the lender.  Subsequently,
Wilmington, as Trustee for BCAT 2017-19TT, was assigned that
mortgage.  In short, Wilmington holds a mortgage deed to the
property at 16 Front Street, securing Randolph's repayment
obligations under the promissory note.

Randolph defaulted on the note several years ago and owes
more than $120,000 on that debt.  Since her default, Randolph
has employed numerous abusive, frivolous, and potentially
fraudulent, tactics to avoid foreclosure, including the filing
of at least eight bankruptcy proceedings and what might well be
a fraudulent transfer of the property to her mother.

In Randolph's 2018 bankruptcy proceeding (case no. 18-
11213-BAH), the bankruptcy court dismissed Randolph's petition
as abusive, and barred her from "filing any Chapter 13
Bankruptcy Petition in the District of New Hampshire until
November 9, 2020."  Undeterred, in 2019, Randolph filed a
Chapter 7 bankruptcy petition (case no. 19-10380-BAH).  The
bankruptcy court again dismissed her petition for abuse and
expanded the scope of its earlier order: it directed that "the
Clerk of this Court shall not accept for filing any petition for
relief under Title 11, U.S.C. filed by Selena Randolph until
November 9, 2020." (emphasis supplied).

But, Randolph was not done.  In March of 2019, she filed a
Chapter 13 petition in the bankruptcy court in Massachusetts.
Two months later, when a foreclosure sale had been scheduled,
she filed a complaint to enjoin the pending foreclosure,
representing to the court that she had found a buyer for the

property.   Randolph v. Korde & Assocs., Case no. 219-2019-CV-
220.


      That buyer never materialized and, once again, Wilmington
scheduled a foreclosure sale.  But, the day before that
foreclosure, Randolph transferred title to the subject property
by quitclaim deed to her mother.  That same day Randolph's
mother filed a Chapter 13 bankruptcy petition.  Unaware of those
facts, Wilmington conducted the scheduled foreclosure sale, at
which a third party purchased the property.  Upon learning of
Randolph's actions (and her mother's bankruptcy filing),
Wilmington was forced to rescind the sale.  It then dutifully
sought relief from the automatic stay in the mother's bankruptcy
proceeding, so it might once again move forward with a
foreclosure sale.


      By order dated February 26, 2020, the bankruptcy court
granted Wilmington's motion for relief from the provisions of
the automatic stay and (again) authorized it to foreclose the
mortgage deed to the property now held by Randolph's mother.
The court did, however, go a step further in an effort to hinder
Randolph's repeated bad faith efforts to avoid her obligations
(and thwart Wilmington's exercise of its rights) under the
promissory note and mortgage deed.

> The Court hereby grants <u>in</u> <u>rem</u> relief pursuant to 11
> U.S.C. § 362(d)(4)(B) upon the Property for a period
> of two (2) years following the entry of the within
> Order (and recording of a certified copy of same at
> said Registry of Deeds) necessary to allow
> [Wilmington] and/or any successor in interest to
> complete its contractual and statutory rights,
> including, but not limited to such aforementioned
> foreclosure sale and/or eviction action(s), such that
> <u>in the event of any one (1) or more bankruptcy</u>
> <u>filing(s)</u> pursuant to Title 11 of the United States
> Bankruptcy Code <u>made by Qiayra M. Randolph (the</u>
> <u>"Debtor") and/or any other interested party</u>, the
> <u>automatic stay</u> as provided by 11 U.S.C. § 362(a) <u>shall</u>
> <u>not be effective</u> to prohibit Movant and/or any
> successor in interest from taking such action against
> the Property.

<u>In re: Qiayra M. Randolph</u>, Case no. 20-10077-BAH, Order dated

Feb. 26, 2020 (document no. 6-5) (emphasis supplied).


So, looking beyond the arguably fraudulent transfer, and

the numerous abusive bankruptcy filings, and the state court

lawsuit, the relevant facts related to the property at 16 Front

Street are currently as follows:

1.    Randolph's mother (not Randolph) currently holds
      title to the property, subject to Wilmington's
      mortgage deed;

2.    The note secured by that mortgage deed is in
      default, Wilmington's right to foreclose has been
      (repeatedly) established, and the bankruptcy
      court has (repeatedly) granted Wilmington relief
      from the automatic stay to pursue its contractual
      and statutory right to foreclose the mortgage
      deed; and

3.    The bankruptcy court has barred Randolph from
      filing <u>any</u> bankruptcy petitions until late 2020,

and, provided that, for a period of two years,
the automatic stay provisions of the bankruptcy
code shall not apply to the property or serve to
bar or delay Wilmington's foreclosure efforts
with respect to that property.

Against that factual backdrop, Randolph brings this
"Complaint to Quiet Title" to the properties at 12 Front Street
and 16 Front Street, Rochester, New Hampshire.  Only the latter
is presently at issue.  In her complaint, Randolph says that she
(or her predecessor in interest) acquired title to the property
by adverse possession more than 30 years ago.  She also
(falsely) asserts the "mortgage of defendant Wilmington Savings
Fund Society FSB has laid dormant since its origination in the
year 1997, without action to foreclose."  Complaint at para. 12.
She moves the court to compel Wilmington to "bring action in
'judicial foreclosure' against the land identified by mortgage
deed and known as . . . 16 Front Street Rochester, N.H." within
90 days or be forever barred.  Id.  Finally, she seeks an order
of this court barring all further claims against the property,
precluding any actions for foreclosure or eviction, and
"striking" the mortgage held by Wilmington "from the public land
records."  Id. at paras. 13-14.


## Discussion

Wilmington's memorandum discusses in detail the numerous
legal failings of Randolph's complaint.  See Memorandum in

Support of Motion to Dismiss (document no. 6-1).  They need not

be recounted in detail.  In brief, however, the court notes the

following.


    Standing.  Randolph lacks standing to advance a quiet title

action against Wilmington relative to the property at 16 Front

Street, since she no longer holds either a legal or equitable

interest in it.  As noted above, she conveyed that property to

her mother in August of 2019.  See Quitclaim Deed (document no.

6-11).


    Rooker-Feldman and Principles of Estoppel.  In prior

judicial proceedings, Randolph has acknowledged: the validity of

both the promissory note and the mortgage deed; that she is in

default on her payment obligations under the note; and that

Wilmington has the right to foreclosure that mortgage deed.[1]  The

bankruptcy court has recognized those facts as well, as has the

state superior court – perhaps the most important of which is

Wilmington's legal right to foreclose.  See, e.g., Randolph v.

Korde & Assocs., No. 219-2019-CV-220 (N.H. Super. Ct. June 27,

---

[1]    By way of example, in Randolph's 2017 Chapter 13 bankruptcy
(case no. 17-10121-BAH), she scheduled her mortgage debt
relating to the 16 Front Street property and the bankruptcy
court confirmed her Chapter 13 plan.  That plan - which Randolph
failed to implement - provided for payments on the note secured
by Wilmington's mortgage.

2019) ("It is undisputed that the defendant has a legal right to foreclose."). Randolph cannot attempt to relitigate those issues in this forum, or "appeal" those adverse judgments to this court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). See generally In re Alfred P., 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985) (discussing New Hampshire principles of res judicata and collateral estoppel); Briand v. Morin, No. CIV. 03-176-M, 2003 WL 22901499 (D.N.H. Dec. 9, 2003) (discussing federal law on the preclusive effect given to judgments in earlier state and federal litigation).

Failure to State a Claim. Randolph's "Complaint to Quiet Title" fails to state the essential elements of a quiet title action. See generally N.H. Rev. Stat. Ann. ("RSA") 498:5-a. See also Loon Valley Homeowner's Ass'n v. Pollock, 171 N.H. 75 (2018). She cannot employ a quiet title action to compel Wilmington to conduct a judicial foreclosure of the mortgage deed. Under New Hampshire law, and pursuant to the terms of the mortgage deed itself, Wilmington has the option, if it so chooses, to exercise the power of sale to foreclose the mortgage deed. See generally RSA 477:29 and RSA 479:25. Randolph's

complaint fails to set forth any basis upon which the court might rely to preclude Wilmington from exercising that statutory and contractual right.

### Conclusion

Quiet title actions are designed to resolve disputes between a plaintiff and some other person or entity claiming to have an interest in, or a lien upon, property that is adverse to the plaintiff.  See generally RSA 498:5-a.  Here, ownership of the property at 16 Front Street is not at issue; whoever holds title to that property does so subject to Wilmington's mortgage. Nor is there any question about the validity or Wilmington's mortgage deed or its right to foreclose.  Those issues have already been resolved in both the bankruptcy court and state superior court – indeed, Randolph has conceded that in various bankruptcy filings and schedules.  That Randolph (or her predecessor in title) allegedly took title to the subject property by "adverse possession" thirty or more years ago is irrelevant to this proceeding.

What is relevant is that: (a) Randolph conveyed to Wilmington's predecessor a mortgage deed to the property at 16 Front Street to secure her obligations under a promissory note; (b) she is in default under that promissory note; (c) Wilmington

has the legal right to foreclose its mortgage deed by power of sale; (d) the claims/defenses raised by Randolph in this proceeding have all been previously resolved against her and are barred by principles of estoppel and res judicata, the Rooker-Feldman doctrine.  Randolph also lacks standing, and fails to state a viable claim for either "adverse possession" or "quiet title."


     For the foregoing reasons, as well as those given in Wilmington's legal memoranda (documents no. 6-1 and 9), the motion to dismiss (document no. 6) is granted.  Randolph's motion to strike the appearance of counsel for Wilmington (document no. 8) is denied.


     What remain, then, are Randolph's claims against U.S. Bank, N.A., which has not answered the complaint and may not have been properly served.  See Order dated May 19, 2020 (document no. 10) (directing plaintiff to file an affidavit attesting to the fact that she properly served U.S. Bank).

          **SO ORDERED.**

                                        _____
                                        Steven J. McAuliffe
                                        United States District Judge

May 29, 2020

cc:   John Doe 1-10, pro se
      Thomas J. Pappas, Esq.