UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John Doe 1-10

    v.                           Civil No. 20-cv-335-SM

US Bank N.A.

**REPORT AND RECOMMENDATION**

    This action was initiated on March 13, 2020. (Doc. No. 1). On May 6, 2020, the plaintiffs filed a private process server's affidavit of service as to U.S. Bank, N.A. ("U.S. Bank"). (Doc. No. 7). On May 19, 2020, the Clerk of Court issued a Notice Regarding Service. (Doc. No. 10).

    The Clerk of Court ordered the plaintiffs, within fourteen (14) days, to request additional time to serve U.S. Bank or to provide an additional affidavit demonstrating that U.S Bank was properly served. (Doc. No. 18 at 5-6). The plaintiffs were advised that the failure to comply would result in the referral of the matter to a judicial officer for appropriate resolution, including dismissal. Id.

    The plaintiffs did not comply with that order.  Rather than moving for additional time to serve U.S. Bank or demonstrating that U.S. Bank was properly served, the plaintiffs have filed a second Return of Service (Doc. No. 22).  This purported service of process, however, suffers from the same defect as the previous attempt.

1

As explained previously, see Doc. No. 18, the complaint alleges that U.S. Bank is a corporation. (Doc. No. 1 at 1). The federal rules provide two methods for serving a corporation within a judicial district of the United States. A corporation may be served in the manner prescribed by the law of the state where the district court is located (New Hampshire) or the state where service is made (Ohio). Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). A corporation may also be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—-if the agent is one authorized by statute and the statute so requires—-by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

In this case, the private process server affirms that she delivered process on August 3, 2020, to "Robin Smuckler as Authorized Agent for U.S. BANK N.A. aka 'US BANCORP', at the address of: 425 Walnut Street, Cincinnati, OH 45202 . . . ." (Doc. No. 22). This statement alone, without additional information, does not provide a basis for the undersigned to conclude that Robin Smuckler is in fact authorized to accept service on behalf of the defendant.

Further, even if the plaintiffs had provided such a basis, service on Ms. Smuckler is not timely. More than 90 days have

passed since the complaint was filed and the date service was effectuated on Ms. Smuckler. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court has previously given notice to the plaintiffs that this action could be dismissed without prejudice against U.S. Bank absent proper service or a request to extend the time for service. (Doc. No. 18 at 5-6). The plaintiffs have not established proper service or demonstrated that good cause exists for the failure to timely serve U.S. Bank. Therefore, the undersigned recommends that the district judge dismiss the claims against U.S. Bank without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of being served with this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: September 2, 2020

cc: Selena S. Randolph, pro se
    Xzavier A.R. Fleming, pro se